## PHINIZY *v.* MURRAY.

After a contract for the sale of certain shares in the stock of a corporation, but before the time appointed for receiving payment and making delivery, a dividend was declared, as to which there was no express stipulation in the contract: *Held*, that though according to authorities on the subject, the purchaser, if he had accepted the stock and paid for it, would have been entitled to the dividend, yet he had no right to decline acceptance and making payment because the seller claimed the dividend as his own and refused to give an order for its payment to him, the purchaser. The latter having failed without just cause to comply with his contract, lost his hold both upon the stock and the dividend.

November 25, 1889.

Sales. Contracts. Vendor and purchaser. Principal and agent. Stock. Dividends. Before Judge RONEY. McDuffie superior court. September term, 1888.

Reported in the decision.

J. B. CUMMING and BRYAN CUMMING, for plaintiff.

FOSTER & LAMAR and T. E. WATSON, for defendant.

BLECKLEY, Chief Justice.

The contract as alleged in the declaration was that, on the 27th of November, 1886, the defendant agreed to sell to the plaintiff fifty shares of the capital stock of the Georgia Railroad and Banking company at the

price of one hundred and twenty dollars per share, and to deliver the same, as soon as the defendant could come to the city of Augusta and make delivery of the certificate. or certificates and execute a power of attorney to transfer the same. The breach alleged is that, on the 4th of December, 1886, the defendant refused to deliver the shares, though requested by the plaintiff to do so, notwithstanding the plaintiff offered and was ready to pay the price agreed on.

The evidence shows that on the 1st of December a dividend of four.dollars per share was declared by the corporation, and that on the 3d of December the defendant went to Augusta and there offered to execute the required papers for transferring the shares according to contract. But the plaintiff's brokers refused to pay for the stock and consummate the transaction, unless the defendant would also execute an order for the dividend. The defendant refused to execute this order, claiming that the dividend belonged to him.

Let it be conceded that the contract to sell was completed by what transpired previously to the time that the dividend was declared, and let it also be conceded that as an incident thereto the plaintiff was entitled to the dividend, as would appear to be the case from the authorities cited below. Still the broker, as representing the plaintiff, had no right to make the settlement of the claim to the dividend a condition of receiving the stock and paying for it. The defendant had not collected the dividend, as was done by the seller in Currie v. White, 45 N. Y. 822. And if a right to it passed to the plaintiff as an incident of his purchase of the stock, the plaintiff could have collected it from the corporation without an order from the defendant, either in his own name or by using the defendant's name as holder of the formal, legal title for his, the plaintiff's, use. By giving timely notice to the corporation, any right, legal or equitable, which he had in the dividend, might have

been protected. Conant *v.* Seneca Bank, 1 Ohio St. 298.

The broker, as representing the plaintiff, had no right to exact the execution of a document not contemplated by either of the parties at the time the contract was entered into, as a condition of payment for the stock, inasmuch as transfer and payment were to be concurrent acts. He could very well claim, as he did, that the dividend belonged to the plaintiff; but he could not make the settlement of a dispute on that question a condition of completing the transaction, the completion of which was necessary to perfect the incidental right which he claimed.

The defendant was no party to the declaring of the dividend, and the act of the corporation in declaring it cast upon him no duty to execute a paper in carrying out or completing the contract of sale which he had made with the plaintiff, through the broker, that he had not expressly or impliedly undertaken to execute when the contract was entered into. By endeavoring to introduce this new term into the contract, and by standing upon it as a condition of his own performance, he lost any right, not only to the dividend but to the stock, which he would otherwise have had. He virtually rescinded the contract, by electing not to comply with it.

The verdict was right in its effect, whatever errors may have been committed upon the trial. The following authorities tend to show, that had the plaintiff complied on his part with the terms of the contract, and assuming that the contract had no infirmity by reason of the double agency of the broker, his right to the dividend would have resulted as a legal incident. Black *v.* Homersham, L. R. 4 Exch. 24; Harris *v.* Stevens, 7 N. H. 454; Morawetz on Private Corporations, §§174-178; 2 Addison on Contracts, §661; Cook on Stock and Stockholders, §543.          *Judgment affirmed.*